UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL DEV,<br><br>            Plaintiff,<br><br>     v.<br><br>PATRICK R. DONAHOE,<br>POSTMASTER GENERAL OF THE<br>UNITED STATES POSTAL SERVICE,<br><br>            Defendant. | No.  12-cv-03026 JAM-EFB-PS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiff Lal Dev's ("Plaintiff") Motion for Reconsideration by the District Court of the Magistrate Judge's Ruling (Doc. #18).[1]  Defendant did not file an opposition.  For the reasons set forth below, Plaintiff's motion is DENIED.

   I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

   Plaintiff filed this action on December 17, 2012 against

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 303(e).  No hearing was scheduled.

1

1  Patrick R. Donahoe, Postmaster General of the United States
2  Postal Service ("Defendant").  He alleges four causes of action
3  under Title VII of the Civil Rights Act, 52 U.S.C. § 2000e(5):
4  (1) race/color discrimination, (2) sex discrimination,
5  (3) retaliation for protected activities, and (4) disparate
6  treatment.  Compl. at 1.  This action is related to Dev v.
7  Donahoe, 2:11-cv-02950 JAM-EFB.

8  Plaintiff requested the Magistrate Judge to issue an order
9  to restore to his account all the leaves of absence he has had
10 to use to appear for all the judicial proceedings because
11 Plaintiff's supervisor denied his request for court leave.
12 Parties' Joint Statement Regarding Discovery Dispute, Doc. #12,
13 at 10.  He also requested the Court to enjoin Defendant and his
14 agents to allow Plaintiff court leave.  Id.  The Magistrate
15 Judge denied the requests because Plaintiff had not pursued
16 administrative remedies before presenting the issue to the
17 Court.  Transcript of Defendant's Motion to Compel Plaintiff's
18 Attendance at his Deposition Proceedings held on Sept. 4, 2013,
19 Doc. #17, at 7.  Plaintiff now seeks reconsideration of the
20 Magistrate Judge's ruling.  Mot. at 1.
21
22                         II.  OPINION
23     A.  Legal Standard
24     The standard for a Motion for Reconsideration is governed
25 by 28 U.S.C. § 636(b) and Local Rule 303.  The district court
26 "may reconsider any pretrial matter . . . where it has been
27 shown that the magistrate judge's order is clearly erroneous or
28 contrary to law."  28 U.S.C. § 363(b)(1)(A); E.D. Cal. L. R.

                                2

303(f). The standard of review under § 636(b)(1)(A) is highly deferential; see United States v. Abonce-Barrera, 257 F.3d 959, 968-69 (9th Cir. 2001), and does not permit the reviewing court to substitute its own judgment for that of the magistrate judge's. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

B. Discussion

Plaintiff argues that the Magistrate Judge should have considered the court leave issue because it is related to his action. Plaintiff primarily relies on Gupta v. East Texas State University, 654 F.2d 411, 414 (5th Cir. 1981). In Gupta, the Fifth Circuit held, "It is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." Id. Similarly, in Bouman v. Block, 940 F.2d 1211, 1228-29 (9th Cir. 1991), the Ninth Circuit held that the plaintiff could add an unexhausted retaliation claim in her discrimination suit because the retaliation claim was "reasonably related" to the discrimination action. Id. Here, Plaintiff requested an order to restore to his account all the leaves he has used and requested the Court to enjoin Defendant. Plaintiff, however, was not attempting to add an unexhausted retaliation claim based on the denial of the court leave. Therefore, Gupta and Bouman do not apply and Plaintiff's request was not properly before the Court. Accordingly, Plaintiff has not demonstrated that the Magistrate Judge's ruling is "clearly erroneous or contrary to

law."

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration of the Magistrate Judge's Ruling.

IT IS SO ORDERED.

Dated: October 15, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE