UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL DEV, | No. 2:11-cv-2950-JAM-EFB PS |
| Plaintiff, | No. 2:12-cv-3026-JAM-EFB PS |
| v. | ORDER |
| PATRICK R. DONAHOE, | |
| Defendant. | |

The above-captioned cases, in which plaintiff is proceeding pro se, are before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 4, 2013, after having received certain adverse rulings and while a motion for summary judgment in that case was under submission, plaintiff filed a motion to disqualify the undersigned from case no. 2:11-cv-2950-JAM-EFB and another case involving the same parties that is also before the undersigned, Case No. 2:12-cv-3026-JAM-EFB, pursuant to 28 U.S.C. § 455. ECF No. 124. For the following reasons, plaintiff's motion is denied.

The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C § 455(a). He shall also disqualify himself when he has "a personal bias or prejudice concerning a party . . . ." *Id*. § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a

1

reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008).  Although a judge must recuse himself in those circumstances, he must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate.  *See Holland*, 519 F.3d at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.").

Plaintiff contends that the undersigned's prior employment at the United States Attorney's Office is grounds for recusal because defendant's counsel is an "Assistant U.S. Attorney [AUSA] in the same office where [the undersigned] spent several years" before becoming a magistrate judge.  ECF No. 124 at 2.  Plaintiff also states that he "believes that [the undersigned] has a personal bias or prejudice either against Plaintiff and/or in favor of the Defendant's Counsel." *Id*. at 4.  Plaintiff appears to believe that the undersigned demonstrated personal bias at a hearing held on May 22, 2013, where the undersigned indicated that one of plaintiff's motions to strike, ECF No. 86, lacked merit and would be denied.  ECF No. 124 at 5-6.  He also contends that recusal is appropriate based on the statements the undersigned made at a hearing on defendant's motion for summary judgment that the undersigned had serious concerns about the merits of plaintiff's claims.  *Id*. at 9 (quoting Order and Findings and Recommendations filed July 11, 2013, ECF No. 188, at 2 n.1 ("As indicated at the hearing on defendant's motion for summary judgment, this court has serious concerns about the merits of plaintiff's claims.")).

As for prior employment, 28 U.S.C. § 455(b)(3) provides that a judge must recuse himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  That provision does not warrant recusal here.  "As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification." *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) (citing *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000), *judgment vacated on other grounds by United States v. Boyd*, 531 U.S. 1135 (2001); *Magnum v. Hargett*, 67 F.3d

2

80, 83 (5th Cir. 1995); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988)). Further, "[e]ven an AUSA who occupied a supervisory position in the U.S. Attorney's Office during the prosecution is not later required to recuse [] solely on that basis." *Ruzzano*, 247 F.3d at 695.

Plaintiff does not allege that the undersigned had any actual participation in this case; nor could he. This action was filed in 2011 and arises from facts that occurred years after the undersigned was appointed a magistrate judge in 2006. Rather, plaintiff contends that recusal is appropriate simply because the undersigned previously worked at the United States Attorney's Office. This, however, is not a sufficient basis for recusal. *Ruzzano*, 247 F.3d at 695.

Furthermore, the timing of plaintiff's motion following prior rulings adverse to plaintiff coupled with the court's duty not to recuse lightly strongly weighs against recusal here. "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006); *see also United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000) ("[J]udges are not to recuse themselves lightly under § 455(a)"). Several circuits have admonished that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *See Himan v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). The Ninth Circuit has explained a judge's obligation to sit on assigned cases as follows:

> We begin with the general proposition that, in the absence of a legitimate reason to recuse himself, "a judge should participate in cases assigned." This proposition is derived from the "judicial Power" with which we are vested. *See* U.S. CONST. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. Our mythic Justice, represented by a blindfolded figure wielding a balance and a sword, hears all cases coming before her, giving no preference-whether in priority or result-to the station or economic status of such persons.

*Holland*, 519 F.3d at 912 (internal citations omitted).

/////

The obligation not to recuse is clearly heightened when recusal is sought after the party seeking recusal has sustained an adverse ruling in the course of the action. "Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." *Willner v. University of Kansas*, 848 F.2d 1023, 1029 (10th Cir. 1988); *See also In re Int'l Business Machines Corp.*, 618 F.2d 923, 932-33 (2d Cir. 1980); *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326 (2d Cir. 1987) (although § 455 does not contain an explicit timeliness requirement, timeliness has been read into the section); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984) (recusal motion was untimely where it was filed a year after the complaint was filed and after the appellants had suffered some adverse rulings on interlocutory matters).

Here, plaintiff brought the motion only after sustaining prior adverse rulings and after having heard this court's oral analysis at the hearing on the motion for summary judgment that the motion should be granted. Information regarding the undersigned's prior employment at the United States Attorney's Office has been readily available on this court's website throughout the duration of this case, but plaintiff did file his motion seeking recusal until after it was stated on the record that the undersigned had serious concerns about the merits of plaintiff's case. That timing suggests that plaintiff is seeking recusal in hopes of obtaining what he believes may be a more favorable forum for his claims. Clearly forum shopping is not an appropriate basis for seeking recusal. Moreover, regardless of plaintiff's motives, the remark made about the merits of plaintiff's case does not provide a legitimate basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (Judicial rulings and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to disqualify the undersigned (ECF No. 124) is denied; and

/////

/////

/////

2. The Clerk is directed to file a copy of plaintiff's motion to disqualify (ECF No. 124) and a copy of this order on the docket in Case No. 2:12-cv-3026-JAM-EFB.

Dated: October 16, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE