UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL DEV, | No. 2:12-cv-3026-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

On October 1, 2013, defendant filed a motion to compel plaintiff to respond to two interrogatories. ECF No. 21. Defendant noticed the motion for hearing for October 23, 2013. *Id.*[1] Plaintiff opposes the motion.[2] ECF No. 25. The court had determined that oral argument

---

[1] Local Rule 251(a) provides that the Joint Statement re Discovery Disagreement must be filed at least seven days before the scheduled hearing date. E.D. Cal. L.R. 251(a). Local Rule 251(a) also provides that the hearing on a discovery motion may be dropped from calendar without prejudice if the Joint Statement re Discovery Disagreement is not timely filed. *Id*. Here, the parties have exchanged "meet and confer" letters (ECF No. 21-1 (Exs. C and D)) which set forth their respective positions regarding Dev's claim of privilege and further argument on the matter is unnecessary.

[2] Plaintiff contends that defendant failed schedule the hearing on this motion at least 21 days after the motion was served on plaintiff as required by the court's local rules. *See* E.D. Cal. L.R. 251(a). Defendant's motion shows that plaintiff was served a copy of defendant's motion on October 1, 2013, and the motion was noticed for hearing on October 23, 2013. ECF No. 21. (cont.)

1

will not materially assist the court in resolving the motion, and for the following reasons set forth below, defendant's motion to compel is granted and the October 23, 2013 hearing vacated.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33 . . . ." Defendant's motion provides that on July 3, 2013, defendant served plaintiff with defendant's interrogatories, set one. ECF No. 21-2 at 2-12 (Ex. A). On August 5, 2013, plaintiff served his response on defendant. *Id*. at 14-22 (Ex. B). In his response, plaintiff refused to answer two of defendant's interrogatories on the ground that they "seeks to invade the Plaintiff's work product doctrine." *Id*. at 17-18. The two interrogatories are as follows:

<u>Interrogatory No. 10:</u>

Please describe in detail the "biased, tainted process that was inconsistent with Postal procedure, and rural union contractual provisions, was used by the supervisory staff to do the route adjustments," to which you refer in Paragraph 33 of your complaint.

<u>Response to Interrogatory No. 10:</u>

The Plaintiff objects to this Interrogatory on the ground that it seeks to invade the Plaintiff's work product doctrine. Without waiving the Plaintiff's objections and reservations, Plaintiff responds: Plaintiff will not answer this interrogatory.

<u>Interrogatory No. 11:</u>

Please describe the process that, in your view, should have been followed by supervisory staff in adjusting the routes that you identified in your response to Interrogatory No. 6.

<u>Response to Interrogatory No. 11:</u>

The Plaintiff objects to this Interrogatory on the ground that it seeks to invade the Plaintiff's work product doctrine. Without waiving the Plaintiff's objections and reservations, Plaintiff responds: Plaintiff will not answer this interrogatory.

/////

---

Accordingly, the hearing on defendant's motion was scheduled at least twenty-one days from the date of filing and service as required by Local Rule 251(a).

Defendant argues that plaintiff should be compelled to answer these two interrogatories because the information sought does not constitute work-product. ECF No. 21 at 2-3. "The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "To qualify for work-product protection, documents must: be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Id.* (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2004)). Neither of the two interrogatories at issue seek the discovery of documents or any other tangible thing. Therefore, plaintiff's objection to answering the interrogatories on the basis that they "seeks to invade the Plaintiff's work product doctrine" is overruled.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to compel plaintiff's responses to two interrogatories, ECF No. 21, is granted;

2. Within seven days of the date of this order, plaintiff shall provide full and complete responses to defendant's Interrogatories Nos. 10 and 11; and

3. The October 23, 2013 hearing on defendant's motion to compel is vacated.

SO ORDERED.

Dated: October 21, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3