UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL DEV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK R. DONAHOE,<br>POSTMASTER GENERAL OF THE<br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | No.  2:12-cv-3026-JAM-EFB-PS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY |

　　　　On December 18, 2013, defendant filed a motion for summary judgment. ECF No. 27. Defendant noticed the hearing for January 15, 2014. *Id*. On December 26, 2013, plaintiff filed a motion to stay this action. ECF No. 29. Plaintiff contends that a stay is appropriate because he currently has another case pending that involves common questions of law and facts. *Id*. at 1-2.

　　　　On November 7, 2011, plaintiff initiated an action against Patrick Donahoe, Postmaster General of the United States Postal Service, the same defendant in this action. *Dev v. Donahoe*, 2:11-cv-2950-JAM-EFB ("*Dev* 1"), ECF No. 1. In that action, Dev alleged racial discrimination based on six events: (1) Dev was denied what is referred to as the "high option" on Rural Route 8; (2) Dev's request to invalidate the 2010 National Count evaluation of Rural Route 8 was denied; (3) the Postmaster did not give Dev additional territory for his route after the Postmaster consolidated Rural Routes 18 and 19 and distributed territory from those routes to various other

1

1 routes; (4) Dev did not timely receive new case labels and rearrangement of his Delivery Point
2 Sequence in the order he wanted after he began carrying Rural Route 8; (5) the Postmaster
3 humiliated Dev on the work floor; and (6) Dev was denied a detail to a temporary supervisor
4 position referred to as a "204b position." *See Dev* 1, ECF No. 131. On February 26, 2013,
5 defendant moved for summary judgment. *Dev* 1, ECF No. 55. On October 16, 2013, the
6 undersigned issued findings and recommendations recommending defendant's motion for
7 summary judgment be granted. *Dev* 1, ECF No. 131. The findings and recommendations are
8 currently pending.

9 In the instant action, plaintiff claims that he was subject to discrimination on account of
10 his race when the classification of his rural postal route was adjusted, reducing the number of
11 hours he worked each week. *See generally* ECF No. 1. While both cases involve race-based
12 discrimination claims, they challenge separate employment actions and are factually distinct.
13 Plaintiff has provided no authority to support a stay under these circumstances and has not
14 demonstrated that a stay is warranted.

15 Accordingly, it is hereby ORDERED that plaintiff's motion to stay, ECF No. 29, is
16 denied.

17 Dated: January 2, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2