1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   LAL DEV,                                    No.  2:12-cv-3026-JAM-EFB PS

11              Plaintiff,

12       v.                                       ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13   PATRICK R. DONAHOE,
     POSTMASTER GENERAL OF THE
14   UNITED STATES POSTAL SERVICE,
     AND DOES 1-15 INCLUSIVE,
15
              Defendant.
16

17
             On March 20, 2014, plaintiff filed a motion to amend his compliant.  ECF No. 45.  The
18
     motion is noticed for hearing on April 23, 2014.  *Id.*  Defendant opposes the motion.[1]  ECF No.
19
     49.  For the reasons explained below, the April 23, 2014 hearing is vacated and it is
20
     recommended that the motion be denied.
21
             Plaintiff Lal Dev, a postal employee, filed this action against Patrick Donahoe, the
22
     Postmaster General, pursuant to Title VII of the Civil Rights Act of 1964.  ECF No. 1.  Plaintiff
23
     alleges that he was subjected to retaliation for engaging in protected activity and discrimination
24
     on account of his race, color, and sex, when his postal route was adjusted on March 24, 2012.  *Id.*
25
     at 3-10.
26

27
             [1]  This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern
28   District of California Local Rule 302(c)(21).

                                                    1

On December 18, 2013, defendant moved for summary judgment on plaintiff's claims. ECF No. 27  A hearing on that motion was originally set for January 15, 2014, but was continued to March 5, 2014, due to plaintiff's failure to timely file an opposition to the motion.  ECF Nos. 27, 34.  At the March 5 hearing,[2] plaintiff indicated for the first time that he wanted to amend his complaint.  The court informed plaintiff that if he wanted to amend his complaint he would need to either obtain written consent from defendant or file a motion seeking leave to amend.  *See* Fed. R. Civ. P. 15(a).

On March 20, 2014, plaintiff filed a motion for leave to file an amended complaint, seeking to add seven defendants and four new claims: (1) a 42 U.S.C. § 1983 claim, (2) a claim under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), and state law claims for (3) intentional and (4) negligent infliction of emotion distress against the Postmaster General and seven of plaintiff's supervisors.  *Id*. at 19-21.  ECF No. 46.  Plaintiff also seeks to add factual allegations to his Title VII relation claim against the Postmaster General.

As a threshold matter, the motion to amend is untimely.  Both Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure require that motions to amend be presented timely.  On April 18, 2013, the court issued a status (pretrial scheduling) order pursuant to Rule 16.  ECF No. 10. Among other things, the order provided that good cause would be required to amend the complaint and join additional parties.  *Id*. at 2.  The scheduling order also provided that all law and motion was to be completed by January 22, 2014.  Notwithstanding that order, plaintiff did not indicate that he would seek to amend his complaint until March 5, 2014, at the hearing on defendant's motion for summary judgment, and did not actually file a motion for leave to amend until March 20, 2014.  Accordingly, the motion is untimely and absent a showing of good cause to extend the deadline, the motion must be denied.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *Johnson v. Mammoth Recreations Inc*., 975 F.2d 604, 607-09 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard applies when a plaintiff seeks to amend a complaint after the scheduling order

---

[2] The court ordered supplemental briefing at that hearing and the summary judgment motion is now submitted.

1  deadline, and the primary consideration in the good cause determination is the "diligence of the

2  party seeking the amendment"); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)

3  ("[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling

4  order but they must also diligently attempt to adhere to that schedule throughout the subsequent

5  course of the litigations).

6         Here, plaintiff has not articulated good cause for failing to meet the January 22, 2014

7  deadline.  He contends that he is only now seeking leave to amend his complaint because the

8  Postal Service did not conduct an adequate investigation into complaints he made against the

9  defendants he seeks to add.  ECF No. 45 at 4-5.  However, plaintiff's dissatisfaction with the

10 Postal Services' internal investigation does not address the question of whether the January 22

11 deadline could not have been met in spite of due diligence and fails to provide a basis for granting

12 a modification to the scheduling order.  All of the allegations in plaintiff's proposed amended

13 complaint took place prior to plaintiff initiating this action on December 17, 2012.  *See generally*

14 ECF No. 46.  Further, there is no indication that any of allegations in that complaint were not

15 known to plaintiff at the time he commenced this action.  Thus, the claims and defendants

16 plaintiff seeks to add through amendment could have been included in his original complaint.

17 Instead of including the new claims and defendants in his original complaint, or timely seeking

18 leave to amend prior to the January 22, 2014 deadline, plaintiff waited until March 20, 2014, after

19 discovery had closed and defendant's motion for summary judgment had been briefed, to seek

20 leave to amend.  Plaintiff has failed to show that he acted diligently and therefore has not shown

21 good cause to modify the scheduling order.  Accordingly, plaintiff's motion to amend the

22 complaint should be denied.  *See Johnson*, 975 F.2d at 609 ("If [the moving] party was not

23 diligent, the inquiry [into whether to grant leave to amend] should end.").

24         Plaintiff's motion to amend must also be denied because the claims he seeks to add fail as

25 a matter of law and the amendment would be futile.  Plaintiff's section 1983 claim fails because it

26 is apparent from the face of both the existing and proposed amended complaints that the

27 defendants were acting in their capacities as federal employees and were not state actors or

28 otherwise acting under color of state law.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002)

1  ("Section 1983 liability attaches only to individuals 'who carry a badge of authority of a State and

2  represent it in some capacity.'"); *Russell v. United States Dep't of the Army*, 191 F.3d 1016

3  ("Section 1983, however, provides no right of action against federal (rather than state)

4  officials.").[3]

5          Plaintiff also cannot maintain his claim for violation of the Whistleblower Protection Act.

6  That act does not apply to the United States Postal Service.  *See Booker v. Merit Systems*

7  *Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992) (Finding that the United States Postal

8  Services is specifically excluded from the Whistleblower Protection Act); *Madden v Runyon*, 899

9  F. Supp. 217, 225 (E.D. Pa. 1995) ("The Whistleblower Protection Act, 5 U.S.C. § 1201, *et seq.*,

10  however, does not apply to the Postal Service."); *Dumaguit v. Potter*, 2008 WL 413733, at * 15

11  (N.D. Cal. Feb. 13, 2008) ("Although the USPS is an independent establishment, *see* 39 U.S.C.

12  § 201, it is excluded from the definition of an independent establishment under the WPA.").

13  /////

14  /////

15

16        [3] Even if plaintiff's section 1983 claim is construed as a claim brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), such a claim

17  would be barred by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7101 *et seq.*  "The

18  CSRA provides a remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'"  *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125,

19  1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302).  When a claim falls within the scope of the CSRA, the administrative procedures set forth in the CSRA are the employee's only remedy.

20  *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008); *see also Bridgeman v. United States*, 2011 WL 221639, at *10 (E.D. Cal. Jan. 21, 2011) (the CSRA limits federal employees

21  challenging their supervisors' 'prohibited personnel practices' to an administrative remedial system); *Asahan v. United States*, 2011 WL 3439941, at *5 (D. Haw. Aug. 5, 2011).  "'Personnel

22  action,' in turn, is defined comprehensively to include any appointment, promotion, disciplinary or corrective action, detail, transfer, reassignment, reinstatement, restoration, reemployment,

23  performance evaluation, pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions."  *Mangano¸*529 F.3d at

24  1247 (citing 5 U.S.C. § 2302(a)(2)(A)(i)-(xii)).  Plaintiff's claim that his constitutional right to free speech was violated when his supervisors retaliated against him for engaging in protected

25  activity would fall within the contours of a "prohibited personnel practice."  *See Peck v. United States*, No. CIV S-11-0151 JAM DAD PS, 2011 WL 3876044, at * ("Personnel action is a term

26  so broad that actions not encompassed by the term are well outside anything that could reasonably be described as a 'personnel action' action, such as claims of rape, sexual assault, and brandishing

27  a loaded weapon") (quoting *Mangano*, 529 F.3d at 1247) (some quotation marks omitted).

28

1    Lastly, plaintiff's claims for intentional and negligent infliction of emotion distress fail

2    because plaintiff has not named the proper defendant.  The United States is the only proper

3    defendant for claims brought against the federal government pursuant to the Federal Tort Claims

4    Act ("FTCA").  *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998)

5    ("Because the United States is the only proper party defendant in an FTCA action, the district

6    court correctly dismissed her complaint against the Postal Service and [the Postmaster General].")

7    Furthermore, even had plaintiff named the United States as a defendant, his employment-related

8    torts would be precluded by the Civil Service Reform Act.  *See id.* (finding that the district court

9    properly found "that an amendment to substitute the United States as the defendant would be

10   futile" because plaintiff's employment-related torts were precluded by the Postal Reorganization

11   Act and the CSRA); *Tocci v. Napolitano*, 791 F. Supp. 2d 994, 997-998 (D. Or. 2011) (holding

12   that plaintiff's intentional infliction of emotion distress claim was preempted by the CSRA).

13   Accordingly, it is hereby ORDERED that the April 23, 2014 hearing on plaintiff's motion

14   to amend is vacated.

15   Further, it is RECOMMENDED that plaintiff's motion to amend the complaint, ECF No.

16   45, be denied.

17   These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

22   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

23   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24   DATED:  April 22, 2014.

25

26   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

27

28